◼ CONGRESS FINANCIAL CORPORATION, as Successor by Merger with CONGRESS TALCOTT CORPORATION, Respondent, v EARLY WARNING DESIGNS, INC., Appellant. [791 NYS2d 19]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered November 13, 2003, which, to the extent appealed from, awarded plaintiff, after a nonjury trial, the principal sum of $90,976.20 plus interest, costs and disbursements, on the first cause of action, plus recovery on the third cause of action, and order and judgment, same court and Justice, entered November 25, 2003, which awarded plaintiff the principal sum of $30,413.51 on the third cause of action for attorneys' fees and expenses, unanimously reversed, on the law and the facts, without costs, the judgments vacated and those causes of action dismissed. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff's predecessor, Congress Talcott Corporation (CTC), entered into a discount factoring agreement with defendant to purchase the latter's accounts receivable and assume responsibility for defendant's customers' inability to pay for goods purchased. The agreement provided that defendant would indemnify CTC for "any loss, liability, claim or expense of any

kind arising from any claims of, or disputes with, [defendant's] customers (or any other persons) as to terms, price, quality or otherwise, directly or indirectly relating to accounts, including any claim for a return of any payments thereunder, or pertaining to any other matter."

Pursuant to the agreement, defendant assigned to plaintiff certain invoices for merchandise allegedly sold to Petrie Retail Inc. Petrie subsequently filed a petition for chapter 11 bankruptcy and plaintiff filed an amended proof of claim in that action in the amount of $1,488,061.48, which included invoices from defendant's sale of goods to Petrie totaling $197,336.10. The action at bar seeks damages of $90,976.20 for defendant's alleged failure to provide plaintiff with shipment delivery documentation for use in its proof of claim, thus allegedly forcing plaintiff to reduce the proof of claim accordingly.

The record evidence does not support the trial court's finding of damages. Such finding could not have been reached under any fair interpretation of the evidence (see Abrahami v UPC Constr. Co., 224 AD2d 231, 233 [1996]). Documentary evidence demonstrates that neither plaintiff itself, contrary to its allegations, nor the bankruptcy court ever reduced plaintiff's claim in the amount of $90,976.20. While the bankruptcy court did not explain the $166,077.65 differential between the amount of plaintiff's $1,488,061.48 proof of claim and the $1,321,983.83 awarded, there is no basis to ascribe it to the shipment delivery documents in question. Moreover, plaintiff admitted at trial that its proof of claim should have been reduced by $55,482.60 due to an arithmetic error, and was reduced by $75,797 as to another client; in addition, Petrie alleged credits of at least $42,505 against plaintiff's claim. The sum of these reductions and credits more than accounts for the difference between the proof of claim and the award, and leaves no room for the reduction of which plaintiff complains. Furthermore, since plaintiff recovered 15% on its claim in the bankruptcy proceeding, it would only have recovered a similar percentage of the alleged $90,976.20. In any event, plaintiff's claim should be barred on the basis of laches; plaintiff's inexplicable five-year delay in seeking reimbursement on this claim prejudiced defendant by costing it the opportunity to make its own bankruptcy claim against Petrie (see Krieger v Krieger, 25 NY2d 364 [1969]). This warrants dismissal of the third cause of action as well. Concur—Tom, J.P., Andrias, Saxe, Williams and Sweeny, JJ.